Ellis v. Penney.

---

No. 26,686.

MINERVA COOLEY ELLIS, as Administratrix of the Estate of CHARLES ARTHUR ELLIS, Deceased, *Appellant,* v. MISS BETTY PENNEY, *Appellee.*

SYLLABUS BY THE COURT.

1. TRIAL—*Reception of Evidence—Withdrawal by Person Offering It.* It is not reversible error for the court to refuse to withdraw from the consideration of the jury a letter offered by the party complaining of its introduction, although the part which is sought to be withdrawn was not read to the jury when the letter was introduced.

2. SAME—*Instructions—Necessity for Request.* In a civil action, before a judgment will be reversed on account of the failure of the court to instruct the jury in writing, it must be shown that a specific request for written instructions had been made before the instructions were given to the jury.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 8, 1926. Affirmed.

*John R. Parsons,* of Wakeeney, and *J. W. Kelley,* of Denver, Colo., for the appellant.

*W. H. Wagner,* of Wakeeney, for the appellee.

Appeal and Error, 4 C. J. p. 703 n. 75. Trial, 38 Cyc. pp. 1373 n. 81, 1765 n. 92, 1768 n. 56; 14 R. C. L. 766.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover for professional services rendered by Charles Arthur Ellis, a physician, to a brother of the defendant. The plaintiff alleged that the defendant contracted with the plaintiff for the rendition of the services and agreed to pay for them. The defendant denied that the debt was hers, denied that she contracted for the services, denied that she agreed to pay for the services, and averred that Charles Arthur Ellis had been paid. The trial was by jury, and a verdict was returned in favor of the defendant on conflicting evidence. Judgment was rendered for the defendant, and the plaintiff appeals.

1. The first complaint is that "the court erred in overruling appellant's objection to introduction of part of letter, exhibit —, advising the attorney for appellant to compromise with appellee." We quote from the plaintiff's abstract:

"Miss Betty Penney, the defendant, testified orally. . . . In rebuttal of her testimony and for the purpose only of fixing the time when demand was made upon her by plaintiff's attorney in this case, the following letter was offered and the part with reference to the date was read to the jury."

It appears that the letter was one written by the Denver attorney for the administratrix, the plaintiff, to John R. Parsons, her attorney in this action, and contained authority for Parsons to compromise the plaintiff's claim, which was for $200. On the argument to the jury, counsel for the defendant commented on the authority to compromise contained in the letter. The plaintiff then requested the court to withdraw that part of the letter from the consideration of the jury. That request was denied. The court did not commit reversible error against the plaintiff in admitting the letter in evidence when offered by the plaintiff, nor in refusing to withdraw part of it from the consideration of the jury after it had been introduced by the plaintiff. If the plaintiff desired that the letter be not put in evidence she should not have offered it. If she desired that part be introduced and part excluded she should have specifically so stated. The plaintiff cannot complain of what she did on the trial.

2. The plaintiff argues that "the court erred in instructing the jury orally over the objection of the appellant and after being requested by appellant to instruct the jury in writing." Plaintiff cites part of the subdivision of section 60-2909 of the Revised Statutes, which reads as follows:

"The court shall give general instructions to the jury which shall be in writing and be numbered and signed by the judge if required by either party."

We quote from the abstract of the appellant as follows:

"Immediately following the resting of all sides, the following matters took place:

"By THE COURT: The issues are simple in this case and I am going to instruct you orally.

"By MR. PARSONS: You will reduce them to writing afterwards?

"By THE COURT: Not necessarily; the reporter may take them down. I don't know whether there will be any occasion later.or not. It depends upon whether the jury forgets what is told them or not."

There does not appear to have been any other request for written instructions. This did not amount to a request for written instructions; it was a request to have the instructions reduced to writing after they had been given. If the plaintiff desired to predicate error on the failure of the court to give written instructions, she should have specifically and unqualifiedly requested that the instructions be given to the jury in writing, not that the instructions be reduced to writing after they had been given to the jury.

The plaintiff urges that the court erred in refusing to grant a new trial and in the instructions to the jury. These matters have been carefully examined, and they are without substantial merit.

The judgment is affirmed..